FARMERS' STATE BANK, Respondent, v. WEILAND, Appellant.

(168 N. W. 718).

(File No. 4365.   Opinion filed September 3, 1918.)

**Banks and Banking—Bank's Suit Against Vice-president for Realty Sale Commission—Defense Ultra Vires, Public Policy—Plaintiff's Agency re Salary, As Affecting Plaintiff's Rights.**

In a suit by a state bank against one who was its salaried officer as vice-president and director, to recover a share of commissions received by defendant as the result of expenditure of part of his time as a realty agent, under contract with plaintiff to make such division, held, that the defense of ultra vires and that the contract was void as against public policy, was untenable; none of the bank's money having been used in the realty transactions, nor was it obligated in any way in connection therewith, and no fraud shown by reason of which stockholders or patrons of the bank could be prejudiced; that defendant, while under salary from the bank during the time in question, had the use of its stationery, bank offices and rooms, etc., in connection with his land agency, in consideration of which the bank agreed to accept, and defendant to pay it, a portion of his earnings as realty agent.

Appeal from Circuit Court, Turner County.   Hon. Robert B. Tripp, Judge.

Action by the Farmers' State Bank, against J. A. Weiland, to recover a share of realty sale commissions earned by defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Edwin L. Brown,* for Appellant.

*Bogue & Bogue,* for Respondent.

Appellant cited:

28 Cyc. 685, 1044; Hillsboro Nat. Bank, v. Hyde, (N. D.) 75 N. W. 781.   3 R. C. L.

Respondent cited:

Ege v. Centerville Telephone Co., 33 S. D. 648, 147 N. W. 70; Oswald v. Publishing Co., (Minn.) 61 N. W. 102.

McCOY, J.   There was verdict and judgment in favor of plaintiff, and defendant appeals.

There is but one question presented by the record for determination, and that is the validity for the contract sued upon.   It appears from the record that the appellant was a director and vice president of the respondent bank, and as such was entitled to and did receive a salary from said bank for such services, and that, while he was so acting for said bank, appellant also engaged in the real estate business, selling real estate for others on commission, and used a part of his time during banking hours in negotiating the sale of real estate on commission, and also used the offices, rooms, stationery, postage, and other equipment and supplies of said bank, in negotiating and carrying on said real estate business, and that by reason of and as compensation therefor he agreed with respondent bank to pay to it the sum of $1 per acre on all real estate sold by him while he was thus connected with said bank, and that said bank agreed to accept the said sum as compensation for said things used by appellant in said real estate business.   It also appears that, while said contract was in effect, appellant, as such real estate broker or agent, sold 320 acres of land, and received as commission therefor the sum of $800 and thereafter failed and refused to pay the said bank the said sum of $1 per acre in accordance with the terms of said agreement.

[1] It is the contention of appellant that, under the laws of this state, the respondent bank was prevented from engaging in the business of buying and selling real estate, in that it was not authorized to engage in any other business than that of banking, and that therefore the said contract was ultra vires, against public policy, and wholly void.   We are of the opinion that this contention is not well grounded.   It does not appear that any of the moneys of the bank were in any manner used, or to be used, in this real estate transaction with which appellant was so connected, or that the bank in any manner ever became or could become obligated, as debtor, contractor, or otherwise, in connection with such real estate transaction.   No fraud, collusion, or other matter appears, by reason of which the stockholders or patrons of re-

spondent could in any manner be prejudiced by the making of said agreement. As we view this matter, the bank was in no manner whatsoever connected with or a party to the business of selling real estate. The only interest the bank had therein was in receiving a portion of the commission that might be earned by appellant as an agent for third parties, who were making real estate sales through appellant. The bank had nothing to do with the making of the sales or the transaction of the business in relation thereto. Incidentally, in connection with the banking business, a bank may legally become the owner of certain property.

It is a matter of common knowledge that many banks own their banking buildings in which they transact their banking business and that such buildings contain rooms therein which are not necessarily used in such banking business, and that such rooms may be rented to lawyers, doctors, real estate agents, and others for offices. We apprehend that a bank might rent such office rooms to a lawyer, doctor, or real estate agent, and agree to accept as compensation for rent a portion of the earnings of such occupant, and that it could not be said that the bank was engaged in the practice of law or medicine, or engaged in the real estate business. In such instances, the same as this, the bank would be interested in such other business only in so far as to be entitled to receive a portion of the earnings of the tenant after such earnings had become the property of the tenant who had earned them. In this case the bank had an agent in the person of appellant, who was an officer of said bank, receiving a salary, and said bank also had offices and rooms and stationery which might be used by said agent and official in connection with his other agency of selling land on commission for third parties, and in consideration of permitting its said agent and official, the appellant, to use a portion of his time and said offices and rooms and stationery, in connection with his agency for others in the sale of real estate, the said bank agreed to accept, and appellant agreed to pay, a portion of his earnings as real estate agent to said bank. In the absence of anything tending to show that such arrangement or agreement in any manner prejudiced the said banking business, or was a fraudulent subterfuge by and through which the bank in fact transacted a real estate business, we are of the view that the agreement in question was a perfectly legitimate, valid, and lawful transaction,

and one which the bank and appellant had the lawful right to enter into.

The judgment and order appealed from are affirmed.